SANITARY OYSTER CARRIER & COMMISSION Co. *vs.* THE WM. M. MERWIN & SONS Co.

JULY 6, 1912.

PRESENT: Johnson, Parkhurst, and Sweetland, JJ.

*(1)   Exceptions.   Final Decision.*

Where on a declaration containing several counts, a demurrer is sustained to one count and overruled as to the others, the decision of the Superior Court sustaining the demurrer being a "decision prior to trial," cannot under Gen. Laws, 1909, cap. 298, § 24, be brought up on exception until "after verdict or final decision on the merits."

*(2)   Pleading.   Several Counts.*

In legal theory each count in every declaration is in effect a separate and distinct suit upon a different cause of action.

ASSUMPSIT. Heard on exceptions of plaintiff. Dismissed without prejudice.

PARKHURST, J. The plaintiff filed a declaration in assumpsit for breach of a contract in writing, in four counts, to which the defendant demurred. The demurrer was over-

ruled in the Superior Court, as to the first three counts, and was sustained as to the fourth count; thereupon the plaintiff excepted to the decision of the court in sustaining the demurrer to the fourth count, and has brought its bill of exceptions to this court, although there has been no "verdict or final decision on the merits."

Plaintiff claims that it should be heard in this court on its exceptions, because it is apparent on the face of the declaration that the fourth count sets forth a distinct and separate cause of action from those set forth in the other counts, and that it might have brought a separate suit thereon; and that therefore the decision sustaining the demurrer to the fourth count is, in effect a "final decision," which will prevent it from offering testimony at the trial on the claim for future profits set up in the fourth count; and that it ought to be allowed to have the question of the sufficiency of the fourth count settled before it goes to trial on the whole declaration, so that all its lawful claims may be tried at once; otherwise, if it tries only its claims on the first three counts, it may still be entitled to another trial on the fourth count, in case it shall be finally determined in this court that its fourth count sets up a good cause of action.

(1) But the matter involved here is a question of the jurisdiction of this court under Gen. Laws, R. I. 1909, Chap. 298, § 24 (which is a reënactment of C. P. A., § 497), and which reads as follows: "Sec. 24. Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was erroneously affected thereby."

The decision of the Superior Court on the demurrer to the fourth count was a "decision prior to trial," and we are of the opinion that it cannot under the statute quoted, be brought up on exception to this court until "after verdict or final decision on the merits," inasmuch as our jurisdiction is controlled by the plain terms of the statute.

(2) The argument, that the fourth count is in effect a separate and distinct suit, would apply equally well in all cases where there are several counts, some of which are held to be good and others bad on demurrer, because in legal theory each count in every declaration is in effect a separate and distinct suit upon a different cause of action; otherwise there would be no force in the practice of filing more than one count in a declaration.

In the case of *McDonald* v. *Providence Telephone Co.*, 27 R. I. 595, it appears from the papers in the case that a similar decision was made sustaining a demurrer to the second count of the declaration; and the plaintiff brought his bill of exceptions to the decision; and it was held that the bill of exceptions was prematurely preferred because there had been no verdict or final decision on the merits, as required by C. P. A., § 497.

Under the law, as it now stands, we are of the opinion that this court has no jurisdiction to hear the exceptions at this stage of the case; and the plaintiff's bill of exceptions is dismissed without prejudice, and the case is remitted to the Superior Court for further proceedings.

*Murdock & Tillinghast*, for plaintiff.   *John A. Tillinghast*, of counsel.

*Tillinghast & Collins*, for defendant.   *James C. Collins*, of counsel.