ROSE DI NORA *vs.* RHODE ISLAND COMPANY.

APRIL 21, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

(1) *Carriers.   Duty to Assist Passenger in Alighting from Car.*

Where a declaration does not allege that plaintiff was old or infirm or that she in her haste to alight from a car, to the knowledge of the conductor, exhibited a degree of excitement indicating her ability to alight safely without assistance, the invitation of the conductor to hurry amounted to nothing more than advice for the benefit of plaintiff, who desired to board a connecting car, and liability cannot be imputed to the carrier, although the conductor was tardy in delivering a transfer and delivered it in great haste when the car stopped, delaying plaintiff somewhat thereby, and while the presence of the husband does not relieve the conductor of any duty owed a female passenger yet that duty does not arise as soon when the husband is present and apparently capable of assisting.

TRESPASS ON THE CASE for negligence.   Heard on exception of plaintiff and overruled.

RATHBUN, J.   This is an action of trespass on the case for negligence and is heard on plaintiff's exception to the ruling

of the Superior Court sustaining a demurrer to the declaration.

The defendant is a common carrier of passengers. The declaration, which is one count, alleges that the plaintiff became a passenger for hire upon one of the defendant's cars operated on the Dyer avenue line; that she was accompanied by her husband who paid her fare and who, at the time of such payment, asked the conductor for a transfer ticket which would entitle the plaintiff to ride upon the Oaklawn line of cars which passed the terminus of the Dyer avenue line; that the conductor failed to give the plaintiff a transfer before the car on which she was a passenger reached said terminus; that the conductor should have known that the car on the Oaklawn line would pass the terminus of the Dyer avenue line too soon after the arrival of the car upon which the plaintiff was a passenger to permit after the arrival of said car sufficient or adequate time for the conductor to deliver a transfer to the plaintiff and the plaintiff time to board safely said Oaklawn car; that when said Dyer avenue car stopped at said terminus the plaintiff again requested the conductor for a transfer; "that said conductor thereupon gave and delivered to said plaintiff in great haste said transfer ticket and then and there informed said plaintiff that said Oaklawn car was then and there approaching, that she, said plaintiff, would lose the same if she did not hurry and directed, instructed and invited her said plaintiff, to hurry and alight hurriedly from said Dyer avenue car"; that it thereupon became the duty of the defendant to protect and guard said plaintiff against accident or injury while she was hastily alighting from said car "in compliance with the injunction and direction and in acceptance of the invitation of said defendant" to hurriedly alight; that "said conductor or person acting in the capacity of conductor not being then and there so otherwise engaged as to preclude him from so doing, yet said defendant corporation the same wholly neglected to do but while said plaintiff was in the exercise of due care, recklessly, carelessly

and negligently suffered and permitted said plaintiff while
in the act of leaving and alighting from said Dyer avenue
car in manner as aforesaid to do so without said protection
and guarding as aforesaid; in consequence whereof said
plaintiff was suffered and permitted to fall in such manner
as to cause the left leg of said plaintiff at the ankle to be
fractured and her body to be wounded and bruised."

Counsel for the plaintiff contends that the question
whether the conductor was guilty of negligence in not
assisting the plaintiff is a question of fact to be determined
by a jury and not a question of law.

It is not the duty of a conductor to assist passengers in
alighting unless it is obvious that they need assistance.
*Selby* v. *Detroit Ry.* 122 Mich. 311; *Ind. Traction & Terminal
Co.* v. *Pressell*, 39 Ind. App. 472; *Hurt* v. *St. Louis, &c.
Ry. Co.*, 94 Mo. 255; *Central of Ga. Ry. Co.* v. *Carlisle*, 2
Ala. App. 514. It is not alleged that the plaintiff was old
or infirm or that she in her haste, to the knowledge of the
conductor, exhibited a degree of excitement indicating that
she was suddenly bereft of her reason or her ability to alight
safely without assistance. The conductor's so-called in-
vitation to hurry amounted to nothing more than informa-
tion and advice for the plaintiff's benefit. Haste was not
suggested for the benefit of the defendant. It has been
held that to ask passengers to move quickly in order to
facilitate transportation is not negligence. See *Field* v.
*Boston Elevated Ry. Co.*, 188 Mass. 222; *Willworth* v.
*Boston Elevated Ry. Co.*, 188 Mass. 220. As to haste in
discharging passengers see *Hannon* v. *Boston Elevated Ry.
Co.*, 182 Mass. 425. If it is not negligence to request haste
for the convenience of the carrier it should not be negligence
to suggest haste for the benefit of the passenger. The con-
ductor's tardiness in delivering the transfer, although it was
delivered in great haste when the car stopped, delayed the
plaintiff somewhat; but the ordinary woman, especially
when accompanied by her husband, does not need assistance
from the conductor in alighting from a street car, even

although she may be hurrying to catch another car.    While the presence of the husband does not relieve the conductor of any duty which he owes to a female passenger yet that duty does not arise as soon when the husband is present, and apparently capable of assisting, for the reason that it is safe to assume that an ordinary man knows his wife's needs and will assist her when she needs assistance.    If it is not apparent to the husband, who has at least an equal opportunity to observe, that the wife needs assistance, why should her needs be obvious to a stranger?    See *Hurt* v. *St. Louis &c. Ry. Co., supra; Central of Ga. Ry. Co.* v. *Carlisle, supra.* We have not overlooked the criticism directed to the latter case by counsel for the plaintiff.

The declaration does not allege facts which if true would constitute negligence on the part of the defendant.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Edward M. Sullivan, John J. Sullivan*, for plaintiff.
*Clifford Whipple, Earl A. Sweeney*, for defendant.