WILLIAM G. TROY *vs.* PROVIDENCE JOURNAL COMPANY.

APRIL 23, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Exceptions.   Demurrers.   Final Determination.*

A decision overruling a demurrer to a plea is not such a final decision on the merits under Gen. Laws, 1909, cap. 298, § 24, as will permit a cause to be brought up for review on bill of exceptions, but the cause must proceed to

verdict or final decision on the merits and not until then can exceptions to rulings be included in the bill of exceptions and brought up for determination.

**(2)    Exceptions.    Demurrers.    "Final Decision Upon the Merits."**
The words "final decision upon the merits," in Gen. Laws, cap, 298, § 24, mean a determination upon the merits of a cause, which will in due time by operation of law lead to a final judgment in the cause.

TRESPASS ON THE CASE for libel.    Heard on motion of defendant to dismiss plaintiff's bill of exceptions and granted.

SWEETLAND, C. J.    This is an action of trespass on the case for libel.    It is now before us upon the defendant's motion to dismiss the plaintiff's bill of exceptions on the ground that the exceptions set out in said bill have been prematurely brought to this court for determination.

An examination of the papers discloses that in the course of the pleading in said cause a number of exceptions have been taken by each of the parties to the rulings of the Superior Court.    The exceptions of the plaintiff contained in the bill before us are to the action of the Superior Court in overruling demurrers to the first, second and third amended special pleas.    In addition to said first, second and third amended special pleas, which the Superior Court has permitted to stand, there is in the case a plea of the general issue.    It thus appears that there are four pleas in the case in which the defendant has alleged matters of defence and to which the plaintiff must reply before the parties are at issue, the case tried upon its merits and a final decision reached in the Superior Court.    The plaintiff urges that by his substantial demurrers to the three amended special pleas the parties were at issue upon the questions of law raised by said pleas and the demurrers thereto; that by the decision of the Superior Court upon said demurrers the parties have reached a decision upon the merits and that the case at this stage can be brought here for review upon the issues of law raised by the demurrers.    In this contention the plaintiff fails to distinguish between a decision upon the

merits involved in overruling a substantial demurrer and a final decision upon the merits of the cause by which the party aggrieved is concluded in the Superior Court.

A party seeking a review of the rulings of the Superior Court by bill of exceptions must follow the procedure prescribed by statute. For a number of years previous to the date when the Court and Practice Act went into effect, it was provided by statute that whenever a substantial demurrer was filed in a cause pending in the Common Pleas Division of the Supreme Court the cause should be certified to the Appellate Division of the Supreme Court for settlement of the questions of law raised by such demurrer. There are certain apparent advantages in that procedure. Its purpose was to expedite causes and to settle fundamental questions of law before a trial was had upon the facts. To many lawyers however it appeared that in the greater number of instances this provision brought about the delay of causes rather than their expedition, and it was urged that its apparent advantages were greatly outweighed by the actual disadvantages which developed in practice. The commission created to revise the judicial system of the State that it might conform to Article XII of Amendments to the State Constitution included the Chief Justice of the Supreme Court and five representative lawyers in active practice. After hearings and consideration said commission reported to the General Assembly and the General Assembly passed the Court and Practice Act, so-called, of 1905. This act repealed the statutory provision of which we have just spoken and established the procedure for bringing questions of law to this court and for appellate practice here which now prevails. Substantial demurrers are no longer certified to this court for determination before trial of the cause upon its merits. Such a demurrer is presented to the (1) Superior Court for its ruling thereon and said ruling can not be brought by either party to this court for review until after verdict or final decision in the cause upon its merits, and not then unless the ruling erroneously affected said verdict or

decision.   Section 24, Chapter 298, General Laws, 1909, is as follows: "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was erroneously affected thereby."

The plaintiff contends that the Superior Court erroneously overruled his demurrers and permitted said three amended special pleas to stand in the case and he urges that if he is required now to proceed in the Superior Court it will result in submitting to the jury immaterial and useless issues.   The same argument with equal force may be made whenever any substantial demurrer is overruled in the Superior Court. As we have construed the statutory provision however, the General Assembly has provided that a cause shall not be brought here for review by piecemeal; but that it shall proceed to verdict or final decision upon its merits, and that then, and not until then, exceptions to rulings made by the Superior Court, taken by either party during the travel of the cause and upon which the party excepting then relies, shall be included in the bill of exceptions of such party and brought to this court for determination.   We construe the language "final decision upon the merits," appearing in the statute, to mean a determination upon the merits of a cause which will in due time by operation of law lead to a final judgment in the cause.   Within seven days after a decision of that nature a party aggrieved may commence his proceedings under the statute to bring the cause to this court for review upon a bill of exceptions.   No decision of that nature has been rendered by the Superior Court in this case. The ruling of the Superior Court to which the plaintiff objects may or may not be erroneous in law; but, although said ruling was adverse to the plaintiff, the cause may nevertheless proceed in the Superior Court to a verdict or final decision upon the merits and such verdict or final decision may be favorable to the plaintiff.

A ruling sustaining a demurrer to all the counts of a ·declaration, if the plaintiff is not permitted to amend, is a final decision under the statute which we are not considering; for such decision concludes the right of the plaintiff to proceed in the cause and leads to a final judgment in favor of the defendant. A decision overruling a demurrer to a ·declaration or plea is not such a final decision.

The plaintiff's bill of exceptions has been prematurely . brought. The defendant's motion to dismiss is granted. The case is remitted to the Superior Court for further proceedings.

*Joseph C. Cawley,* for plaintiff.

*Greenough, Easton & Cross, Patrick P. Curran,* for defendant.