JOHN F. LETENDRE *vs.* AUTOMOBILE INSURANCE COMPANY
of Hartford, Connecticut.

MARCH 18, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)    *Exceptions to Decisions Prior to Trial.*

Where a declaration contained two counts and at the trial decision was
rendered for plaintiff on the second count, exception to a prior decision
overruling demurrer to first count will not be considered under Gen. Laws,
cap. 298, § 24, providing that "exceptions to decisions prior to trial shall
be open to revision after verdict or final decision on the merits, but so far
only as it appears to the supreme court that the verdict or final decision was
erroneously affected thereby."

(2)    *Pleading. Duplicity. Insurance.*

Where declaration alleged that plaintiff insured his truck against fire; that
it was damaged by fire; that defendant company was notified of the loss
and under a provision of the policy notified plaintiff that it would repair it
within a reasonable time and took possession of the truck, but delayed an
unreasonable time in making repairs, whereby plaintiff lost the profits he
would have made from its use and that it was improperly housed causing
it to depreciate in value, the allegations as to the issuing of the policy, the
fire and the consequent damage are matters of inducement to the averment
that the company notified plaintiff of its intention to repair within a reason-
able time, and the declaration being based on the breach of duty to so repair,
is not bad for duplicity.

(3)    *Insurance. Pleading. Declarations.*

Where an insurance company elected to repair a truck damaged by fire,
instead of making payment under the policy of insurance the contract to
pay the loss is superceded by the contract to repair and where the declara-
tion alleged that the company delayed an unreasonable time causing loss
of profits and depreciation of the truck, demurrer on the ground that the
damages claimed were not provided for by the contract of insurance will
be overruled.

(4)    *Insurance. Damages.*

In an action under a policy of fire insurance for not repairing a truck within
a reasonable time causing loss of profits and also depreciation in value
through improper housing of the truck during the time the company had
possession of it, evidence as to depreciation in value of the truck while it
was in possession of the company, and as to damages caused after its repair
and while it was unlawfully held by the company considered and held to
sustain findings of the trial court.

ASSUMPSIT.    Heard on exceptions of defendant and over-
ruled.

SWEENEY, J.   This is an action of assumpsit to recover damage to plaintiff's motor truck caused by fire, which was insured against such damage by the defendant.   The declaration contained two counts, the first being for the nonpayment of the loss or damage sustained, in accordance with the terms of the insurance policy; and the second count being for the breach of the defendant's contract to properly repair the truck within a reasonable time, it having elected to do so under the terms of its insurance policy.   Jury trial was waived, and the case was tried by a justice of the Superior Court.   At the close of the plaintiff's testimony he was nonsuited on the first count, but subsequently this count was reinstated.   At the close of the defendant's testimony, decision was rendered for the plaintiff on the second count, and damages were assessed in the sum of $1,685.89.   The case is now before this court on the defendant's bill of exceptions.

The second count alleges that the plaintiff insured his motor truck to the amount of $3,100.00 against loss or damage by fire; that the truck was damaged by fire; that the defendant was notified of the loss; that the defendant, under a provision in its insurance policy, notified the plaintiff that it would repair, rebuild or replace the damage to the truck within a reasonable time.   It is averred that the defendant took possession of said truck for said purpose, but delayed an unreasonable length of time in making repairs, whereby the plaintiff lost the profits he otherwise would have made from the use of the truck; and that the truck was so improperly housed while in the possession of the defendant, by being left out-of-doors uncovered and exposed to the elements that it greatly depreciated in value.

The first exception is to a prior decision of a justice of the Superior Court in overruling the demurrers filed by the defendant to both counts.   The second count, being the one upon which the trial court rendered its decision, is the only one before this court, and only the grounds of demurrer to this count will be considered.   Sec. 24, Chapter 298, General

412 LETENDRE v. AUTO. INS. CO. OF HARTFORD. [43

Laws, 1909. The defendant claims as its first ground of demurrer that this count is bad for duplicity, because it sets forth more than one cause of action. An inspection of the count shows that the issuance of the insurance policy, the fire, and the consequent damage to the truck are alleged as matters of inducement to the averment that the defendant notified the plaintiff of its intention to repair, rebuild or replace the damage to the truck within a reasonable time; and then follows the averment of its failure to properly repair, rebuild or replace the damage to the truck within a reasonable time. The averment of this breach of duty is the basis of the cause of action stated in this count and it is not bad for duplicity. The second, third and fourth grounds of demurrer are to the effect that the damages claimed are not provided for by the contract of insurance. Under this count the plaintiff is seeking to recover damages sustained on account of the failure of the defendant to properly repair the truck within a reasonable time, and alleges as special damage loss of profits for unreasonable detention of the truck, and depreciation in its value on account of improper housing. The plaintiff is not suing for the nonpayment of money due under the insurance policy for the loss or damage to the truck caused by fire. In the case of *Winston* v. *Arlington Fire Insurance Co.*, 32 App. D. C. 61, the court said: "The contract of insurance bound the defendant to pay the loss or damage occasioned by fire, not to exceed the stipulated amount. But it reserved an option to the defendant to repair and replace the building. By the exercise of this option, and election, in which the plaintiff was bound to acquiesce, the original contract of the parties was converted into a new one on the part of the defendant to repair the building and restore it to its former condition. The contract to pay the loss was thus superseded by the contract to repair. Plaintiff no longer had a right of action upon the former; his sole remedy was upon the new contract." The distinction between an action on a fire insurance policy, and one brought against the insurance company on account of

its election to repair the damage done by fire is clearly set forth in a note to the above case in 20 L. R. A. (N. S.) p. 960. Under the law as above stated this exception is overruled.

The second exception is to the admission of the plaintiff's testimony tending to show the loss of profits sustained by reason of the repairs to the truck not being made within a reasonable length of time; and its depreciation in value caused by improper housing. By overruling the first exception this court has decided that it was proper for the plaintiff to insert these averments of special damage in his second count; consequently it was proper for the trial court to admit testimony tending to prove these averments; therefore, this exception is untenable and is overruled.

The third exception was not argued nor briefed and is considered waived.

The fourth exception is to the action of the trial justice in giving decision for the plaintiff in the sum of $1,685.89.

The trial court decided the case on the second count because the defendant, instead of paying the damage caused by the fire, elected to repair the truck and return it in as good condition as it was in just prior to the fire.

In his bill of particulars, the plaintiff claimed as damages loss of profits by being deprived of the use of truck from July 9, 1918, to February 15, 1919, $3,000.00; difference between the value of the truck in the condition in which it was returned to him and its value if it had been properly housed and repaired, $1,900.00; making a total claim of $4,900.00. The trial justice found that the truck was properly repaired and that the work was done within a reasonable length of time, under the circumstances. On the claim that the truck was improperly housed, the court found that this averment was proved; that the truck was left out-of-doors and exposed to the weather to a certain extent. The court found on the testimony that the truck was worth $2,995.00 at the time of the fire and that it was worth $1,800.00 when it was returned to the plaintiff by the defendant, making a depreciation of $1,195.00, which it allowed.

The evidence in the case proved that April 25, 1918, the plaintiff insured his truck against loss or damage by fire to the amount of $3,100.00 with the defendant company. The truck was purchased as a new truck the year before and cost the plaintiff $3,915.00. The truck was damaged by the fire July 9, 1918. The defendant was notified of the fire, and July 22, 1918, it notified the plaintiff that it would take advantage of the provision in its policy giving it the option to repair, rebuild or replace the property lost or damaged with other of like kind or quality, within a reasonable time. July 29, 1918, it caused the truck to be removed to Providence for mechanical repairs by a Mr. Morin who had it in his possession, for this purpose, until October 15, 1918. The truck was then run to Woonsocket where it was placed in the hands of a repair man for the rebuilding of its cab. November 4, 1918, the plaintiff was notified that the truck was ready for him to inspect and take away, but the defendant refused to allow the truck to be taken away until the plaintiff signed a release which he declined to do on the ground that the truck had not been properly repaired. December 26, 1918, the plaintiff took the truck away, protesting that it was not properly repaired, and he was obliged to install a new radiator on the truck, on account of the old one having been frozen, and he was also obliged to spend about $300.00 in putting the truck in running condition. The court allowed the plaintiff $88.00 for the cost of repairs to the radiator, which was frozen sometime between November 4 and December 26, and also allowed $300.00 expended for labor in repairing the truck, because the damage to the truck was caused while it was being unlawfully held by the defendant.

The defendant objects to allowance of any damage after November 4, 1918, because of an agreement by counsel made in open court near the end of the trial. An examination of the transcript shows that this agreement arose from a question put by the trial justice to counsel about holding the truck from November 4 to December 26, and a statement

by the trial justice saying the only way it would come into the case would be on the claim for damages by reason of being kept out of the use of the truck, for which plaintiff was claiming the loss of six months. The plaintiff's attorney then said, we claim that we were deprived of the use of the truck until December 26; and defendant's attorney then said there was an agreement between counsel for the plaintiff and the defendant about this matter. After a further discussion between counsel it appeared that the agreement was to waive any claim for damage for loss of the use of the truck from November 4 to December 26, and not to waive any claim for expenses in putting the truck in good condition.

On the claim for damages on account of depreciation in the value of the truck from the time of the fire to the time it was returned to the plaintiff, the claim was no surprise to the defendant as it was contained in the bill of particulars. The plaintiff's appraiser testified that the truck was worth $3,100.00 before the fire, and after it was returned in December, it was worth $1,800.00. The defendant's appraiser testified that at defendant's request he appraised the plaintiff's truck, December 2, 1918, and after inspection found it worth at least $1,800.00; that he did not take into consideration any depreciation of any kind due to the fire or poor repair or anything of that kind; and that he merely went up and placed a value on the truck as he saw it. It was admitted by Mr. Morin that he could not run the truck into his garage and that he had it in his possession from July 29, 1918, until October 15, 1918. The plaintiff testified that he went to Mr. Morin's garage on a very rainy day and saw the truck outdoors, in the yard, without any shelter or covering over it, and that its machinery was covered with rust. The defendant introduced no testimony to contradict that of the plaintiff as to the value of the truck just before the fire, nor at the time it was returned. The trial justice allowed $1,195.00 for this element of damage and the sum of the three elements of damage allowed by him is $1,583.00, with interest $102.89, making a total amount of $1,685.89.

The court has considered all of the evidence relating to these elements of damage, and the decision of the trial justice thereon does not appear to be erroneous.

The decision being in accord with the fair preponderance of the evidence all of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment upon the decision for the plaintiff.

*Tillinghast & Lynch, Murdock & Tillinghast,* for plaintiff. *Michael J. Lynch, John A. Tillinghast,* of counsel.

*Green, Hinckley & Allen,* for defendant. *Abbott Phillips, Clifford A. Kingsley,* of counsel.