PAWTUCKET CABINET & BUILDERS FINISH CO., *vs.* PEOPLES EXCURSION LINE, INC.

FEBRUARY 1, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Bills of Exceptions. Final Decision.*

The fact that a decision to which exception is taken, is final in the trial court on the particular question at issue, is not determinative of the right to an

immediate review by bill of exceptions. If there are other issues still remaining for determination all of such issues must first be decided before the right to a review matures. "Final decision " in the statute means that final determination of the case which ends the entire case in that court, leaving nothing further to be done therein except the carrying into effect such determination by operation of law.

*(2) Bills of Exceptions. Petition to establish truth of exceptions.*

A petition to establish the truth of exceptions under the amended practice, Pub. laws, 1921, cap. 2086, (Gen. Laws, 1923, cap. 348) after the disallowance of a bill of exceptions by the trial justice, will be denied, where the bill was prematurely brought.

Assumpsit. Heard on petition to establish truth of exceptions and denied.

Stearns, J. The action on book account was begun in the district court. Personal service was made on defendant and attachment was made on a steamboat of defendant. After entry of appearance, defendant filed a special plea, alleging that the state court was without jurisdiction because the property attached was a steamboat used on navigable waterways and the contract on which plaintiff sued was a maritime contract. After decision for the plaintiff in the district court, and after claim for jury trial by the defendant, said defendant filed a similar plea to the jurisdiction in the Superior Court.

Plaintiff's demurrer to this plea was sustained, on the ground that the action was one at common law and was brought in the proper court. Defendant duly excepted to this decision and presented its bill of exceptions for allowance to the trial justice, by whom the bill was disallowed because no final decision had been made in the case.

The case is here on defendant's motion to establish the truth of its exceptions, preferred in accordance with the provisions of Gen. Laws, 1909, Chap. 298, Sec. 21, as amended by Pub. Laws, 1921, Chap. 2086, Sec. 4, now Gen. Laws 1923. Chap. 348, Sec. 21.

The claim is that the provision (Gen. Laws 1923, Chap. 348, Sec. 19) if the justice to whom the bill of exceptions

is presented for allowance shall find the exceptions, *etc.*, correctly stated, he shall allow them, is mandatory, and that such justice has no authority to pass on the merits of the exceptions.

But the bill of exceptions was disallowed not because of invalidity of the exception but because the bill was brought before the proper time. The right of review by bill of exceptions and the mode and manner of its exercise are statutory in their origin. Gen. Laws 1923, Chap. 348, Sec. 24, (formerly Gen. Laws 1909, Chap 298, Sec. 24), (1) provides that exceptions taken prior to the trial of a case shall be open to revision after verdict or final decision on the merits, but only so far as the verdict or final decision was erroneously affected thereby. The fact that a decision, to which exception is taken, is final in the trial court on the particular question at issue, is not determinative of the right to an immediate review by bill of exceptions. If there are other issues in the case still remaining for determination, all of such issues must first be decided before the right to a review by bill of exceptions matures—"final decision" in the statute means that final determination of the case which ends the entire case in that court, leaving nothing further to be done therein except the carrying into effect such determination by operation of the law. *McDonald* v. *Providence Telephone Co.* 27 R. I. 595; *Ainsley* v. *Ainsley*, 29 R. I. 33; *Wilcox* v. *White*, 29 R. I. 449; *Sanitary Oyster Carrier & Commission Co.* v. *Merwin & Sons, Co.*, 34 R. I. 381; *Troy* v. *Providence Journal Co.*, 43 R. I. 22.

The procedure to establish the truth of the exceptions was changed and simplified by Pub. Laws 1921, Chap. 2086, now Gen. Laws 1923, Chap. 348. The petition in the Supreme Court, stating the facts, is abolished. After certain action or failure to act by a justice of the Superior Court, the clerk of the Superior Court without any order of court is now required forthwith to certify the case and all the papers therein to the Supreme Court. By agreement of the parties, or on motion of either party, the case

may then be assigned for hearing on the question of the truth of the exceptions and transcript, which being established, the case is heard and the same proceedings taken as if the exceptions and transcript had been duly allowed and filed. In the present case if the bill of exceptions had been allowed and had been certified to this court, it would have been dismissed as all of the issues in the case had not been decided and the bill was prematurely brought. In the circumstances to establish the truth of the exception would be a futile proceeding. There was no error in the action of the trial justice in disallowing the bill of exceptions.

The defendant's motion to establish the truth of its exception is denied, the bill of exceptions is dismissed without prejudice and the case is remitted to the Superior Court for further proceedings.

*Walter I. Sundlun, Baker & Spicer,* for plaintiff.
*Thomas P. Corcoran,* for defendant.