PHYLLIS DAVIS *p. a. vs.* O. D. PURINGTON Co., INC.

JULY 21, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence. The defendant demurred to the plaintiff's declaration on the ground that it was vague, indefinite and uncertain, and on several other grounds. The demurrer was heard by a justice of the superior court and decision was reserved. Later, said justice filed a rescript sustaining the demurrer and allowing the plaintiff ten days wherein to amend her declaration. Plaintiff excepted to this decision and has prosecuted her bill of exceptions to this court, without first exercising the privilege accorded to her to amend her declaration and also without indicating to the trial justice that she elected to stand upon her declaration as originally filed, without amendment.

Defendant contends here that the decision of the trial justice sustaining its demurrer and allowing the plaintiff to amend her declaration is not erroneous, but defendant also raises a preliminary question as to whether or not on the pleadings as they now stand, the prosecution by the plaintiff of her bill of exceptions is premature.

It is now well settled under our practice that a bill of exceptions may be prosecuted to this court only from a final decision on the merits by the court below. A decision on a demurrer is not ordinarily a final decision on the merits. Decision on demurrer to the sufficiency of a plea in form is not a final decision on the merits unless, if allowed to stand, it would result in a final decision for the opposite party. *Hicks* v. *Lee, C. T.*, 37 R. I. 251.

Decision on a substantial demurrer to a plea is not a final decision on the merits. *Troy* v. *Providence Journal Co.*, 43 R. I. 22. The court, in that case, commented on the practice that formerly prevailed prior to the enactment of the court and Practice Act of 1905 of certifying causes to the appellate division of the supreme court for the settlement, before trial on the merits in the common pleas division, of questions of law raised by substantial demurrers filed in the latter divi-

sion, and said: "Substantial demurrers are no longer certified to this court for determination before trial of the cause upon its merits. Such a demurrer is presented to the superior court for its ruling thereon and said ruling can not be brought by either party to this court for review until after verdict or final decision in the cause upon its merits, and not then unless the ruling erroneously affected said verdict or decision."

A final decision upon the merits means "a determination upon the merits of a cause which will in due time by operation of law lead to a final judgment in the case." *Troy* v. *Providence Journal Co., supra.* A decision overruling a demurrer to a declaration was definitely said in that case not to be such a final decision. The court did say, however, at page 26 of the opinion, that: "A ruling sustaining a demurrer to all the counts of a declaration, if the plaintiff is not permitted to amend, is a final decision . . .", because, it said, such ruling concludes the cause and leads to a final judgment for the defendant. This is a correct statement of the law governing our procedure since the enactment in 1905 of the Court and Practice Act.

However, almost from the beginning of the new procedure under that act, the practice has prevailed of allowing a plaintiff to prosecute, before trial on the merits, his exception to a decision of the superior court sustaining a substantial demurrer to a declaration, whether or not he has been given leave to amend his declaration in that court. In such a case, this court has usually, upon sustaining the decision of the trial justice remitted the case to the superior court for further proceedings rather than for entry of judgment on the decision, and has also customarily stated in its opinion that, upon the return of the case to the superior court, that court could, in its discretion, grant or deny the plaintiff leave to amend his declaration. Such leave may be given at that time, even though the plaintiff elected not to amend before prosecuting his exception to this court. *Cawley* v. *Burke*, 43 R. I. 188, 194; *Dobson* v. *Providence Tribune Co.*, 46 R. I. 262; *Bennett* v. *Connery & Co.*, 48

R. I. 350, 352; *Waterman* v. *Hero,* 54 R. I. 377, 378; *Hebert* v. *Handy,* 28 R. I. 317.

The plaintiff in the instant case, although given leave by the superior court to amend her declaration, excepted to the decision of the trial justice and declined to take advantage of the privilege granted to her, but instead prosecuted her bill of exceptions to this court. This appears to be what plaintiff did in *Bennett* v. *Connery & Co., supra,* and this court said, in sustaining the decision of the trial justice in that case, that nevertheless it was still within the discretion of the superior court to permit the plaintiff to amend his declaration. We must assume that the plaintiff in the instant case, by prosecuting her bill of exceptions here, has elected to stand upon her declaration, and therefore, in accordance with the long continued practice above referred to, we think that she is properly in this court at this time. This practice may be subject to abuse, but in the past it has not been abused and we are confident that it will not be in the future.

It will not be necessary to discuss at length plaintiff's exception to the decision of the trial justice sustaining the defendant's demurrer. From a careful reading of the plaintiff's declaration, it is clear to us that the plaintiff has failed in several vital particulars to state properly her cause of action and these particulars are set out in some detail in the rescript of the trial justice. Without repeating here the reasons there stated by the trial justice, we are of the opinion that he was warranted thereon in sustaining the defendant's demurrer.

As we stated above, the superior court may, in its discretion following the long continued practice first approved in *Hebert* v. *Handy, supra,* permit the plaintiff, on motion, to amend.

The plaintiff's exception is accordingly overruled, and the case is remitted to the superior court for further proceedings.

*Emile H. Ruch, Charles B. Coppen,* for plaintiff.

*Clifford A. Kingsley, Francis V. Reynolds,* for defendant.