BELLA BRICKLE *et al. vs.* JAMES W. QUINN, *C. T.*

JULY 5, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is a petition by the defendant for a writ of *certiorari* to the superior court to quash the action of a

justice of that court in allowing the plaintiff, in each of the actions at law pending in that court, to amend the declaration therein after a trial which had resulted in a disagreement of the jury.

The cases pending in the superior court are actions of trespass on the case for negligence. The plaintiffs are husband and wife. Bella Brickle has brought suit for personal injuries which she alleges that she suffered as a result of falling into a hole or depression in the sidewalk of Harris avenue in the city of Woonsocket. Her husband, Hyman Brickle, is suing for the loss of his wife's services and the expenses to which he has been put as a result of her falling on said sidewalk. For convenience we shall hereinafter refer only to the wife's case.

It appears from the record that the plaintiff alleged in her declaration, as originally filed, simply the duty of the city to keep and maintain Harris avenue safe for travel, the neglect of that duty in that it permitted a hole or depression to be and remain in the sidewalk of said avenue, and her resulting injury by reason of such neglect.

The accident was alleged to have occurred on the night of July 20, 1935. Plaintiff's writ was dated March 21, 1936, and together with her declaration was filed in the superior court on April 6, 1936. The case was assigned for trial several times in 1936 and also in 1937, but was never reached for trial. Finally, after another ineffective assignment in January 1938, the case was then tried to a jury on May 12, 13, 16, 17, and 18, 1938, and resulted in a disagreement.

On July 1, 1938, the plaintiff moved to amend the declaration, by adding two additional counts, one being substantially an allegation of defendant's "failure to barricade a hole or depression" and the other its "failure to place a light over the hole or depression." This motion was argued

on July 25, 1938 before a justice of the superior court who granted the same and allowed the defendant an exception.

On July 29, 1938, the defendant applied to this court for a writ of *certiorari*, on the ground that the trial justice had abused his judicial discretion in allowing said amendments. We granted the application and the writ issued. Later, on March 10, 1939, the plaintiff's motion to quash the writ was denied, and thereafter, on April 3, 1939, the parties were fully heard on the merits.

The plaintiff contends that *certiorari* is not proper as the defendant has another and adequate remedy for obtaining a review of the alleged error of the superior court, and cites in support of his contention *Cohen* v. *Superior Court,* 39 R. I. 272, and *Parker* v. *Superior Court,* 40 R. I. 214. It is true, as stated in the former case, which is discussed in the latter case, that ordinarily in *certiorari* this court will consider and correct error only in those cases where no other remedy is expressly provided; but it is also true that in an exceptional case *certiorari* has been allowed, in the interest of justice, even though another remedy would be available later.

In *Atlantic Mills* v. *Superior Court,* 32 R. I. 285, after a demurrer to the declaration on substantial grounds had been sustained by the superior court, the plaintiff, on his motion and against the objection of the defendant, was permitted by that court to file an amended declaration, in which substantial changes from the original declaration were made; although the statutory period of limitation had elapsed. The defendant was then permitted by this court to have that ruling reviewed by the issuance of a writ of *certiorari;* but on the hearing the ruling was sustained.

The situation of the parties before this court in that case was substantially the same as the situation of the parties

in this case; and there was as much basis in that case as there is in this for the contention that the issuance of the writ of *certiorari* was improper because another remedy was available; yet in that case the issuance of the writ was held proper. Where, as in this case, the alleged error of which review is sought is the abuse of discretion by the trial justice in allowing a substantial amendment to plaintiff's declaration after the period of the statute of limitations had elapsed, and where the defendant contends that such amendment sets out a new cause of action, we are of the opinion that this court may, in the exercise of its discretion, properly allow *certiorari* in order that the alleged error may be immediately reviewed.

Having had the benefit of examining the record brought up by the writ of *certiorari* and of hearing the merits fully argued, we are now of the opinion that the defendant has failed to show that the trial justice abused his judicial discretion in granting plaintiff's motion to amend. The defendant contends that there is a fatal variance between the amended declaration and the statutory notice of the accident given by the plaintiff to the city. He also contends that such amended declaration, in effect, sets forth a new cause of action. Neither contention is sound.

The statute (Gen. laws 1923, c. 47, §17) does not require the notice to contain specifications of the city's negligence. It is not intended that the notice shall embody the particularities or technical accuracy of a declaration. *Maloney* v. *Cook,* 21 R. I. 471, 475; *Comery* v. *White,* 40 R. I. 21. It is sufficient if it informs the city with substantial certainty as to the time and place of the accident and as to the nature of the defect which caused it, so as to aid the officers of the city in investigating the question of liability. *Maloney* v. *Cook, supra; Lane* v. *Cray, C. T.,* 50 R. I. 486.

The cause of the accident in such a case as the instant one is the failure of the city to keep its streets reasonably

safe for travel; and the particular cause is the alleged hole or depression in the sidewalk. Whether the city's neglect also consisted in its failure to warn persons lawfully using the sidewalk of the hole or depression therein by placing lights or erecting barriers is of no consequence as a matter of notice to the city.

The city was not deprived of any safeguard, which the statutory requirement of notice was designed to secure, by reason of the fact that the notice of the accident did not contain such particulars. If the city knew of the hole in the sidewalk, and its defense was that it had caused to be put there a barrier or light, that fact would be within its own knowledge and thus it would require no notice thereof to protect it from surprise. In this connection we do not see that the case of *Lane* v. *Cray, supra,* is of any assistance to the city on the facts of this case.

As we pointed out recently in *Gannon* v. *Fitzpatrick, C. T.,* 58 R. I. 147, at page 151: "In the *Lane* case, the court took the view that the notice alleged, as the cause of the plaintiff's injury, an accumulation of ice and snow on which she slipped, but that the evidence tended to prove that the cause of her injury was a hole in the sidewalk in which the plaintiff caught her foot." In the *Lane* case it was held that this was a fatal variance. Here the amended declaration creates no such variance from the notice. The gist of the liability as stated in the notice is the hole in the sidewalk into which the plaintiff fell, and the same is true of the amended declaration.

The defendant's second contention is also without support. He contends that the amended declaration sets forth a new cause of action, and argues: "The original declarations charged the city with the breach of one duty only; to wit, that of allowing a hole to remain in the sidewalk. . . . They now say in effect in their first amendment, 'Even if the city did allow the hole to remain in the sidewalk,

plaintiff would not have been hurt if a barrier had been erected about it to guard me from the danger.' In other words, the existence of the hole in the sidewalk would not have been negligence if a protective barrier had been erected. Another separate and distinct duty is alleged, and breach thereof is charged."

We think the defendant is mistaken in supposing that there are two separate and distinct duties alleged so as to state in the amended declaration a new and different cause of action from the one originally declared upon. In the original declaration the plaintiff alleged that she was injured by reason of falling into a hole or depression in the sidewalk, which the city permitted to be and remain there, notwithstanding its duty to keep the sidewalk reasonably safe for travel. The plaintiff continues in her amended declaration to rely upon such allegations as the essential cause of her injury, but adds thereto by way of amplification the further allegations that the city did not, either by means of a barrier or by placing signal lights or by both such means, attempt to protect the traveler lawfully using the sidewalk from falling into said hole or depression. The defective condition of the sidewalk in each instance is the basis of the plaintiff's action. In the original declaration it is the permitting of the defect to be and remain there. In the amended declaration it is the same with the added averments that the city did nothing to barricade the hole or place signal lights near it as a warning to travelers of the danger.

Undoubtedly the amendment was one of substance and not merely of form. But it is within the discretion of the trial justice to allow such amendment, even though the period of the statute of limitation has elapsed, provided it results in no change in the cause of action as first alleged. *Atlantic Mills* v. *Superior Court, supra.* For amendments substantially similar in their nature and effect to those in

the instant case and also for discussion of authorities governing the right of the trial justice, in his discretion, to permit amendment of the declaration in substance, but not amounting to a change in the cause of action first alleged, see *Chobanian* v. *Washburn Wire Co.*, 33 R. I. 289 and *Wilson* v. *N. Y., N. H. & H. R. R. Co.*, 18 R. I. 598.

We have recently said that "as long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The true test is whether the proposed amendment is a different matter or the same matter more fully or differently laid. 1 Enc. Pl. & Pr. 564, and cases cited. A test that is often very helpful is whether a recovery under the original declaration would be a bar to a recovery upon the amended one." *Rose* v. *Standard Oil Co. of N. Y., Inc.*, 56 R. I. 272, 281. It is obvious to us that if we apply the latter test to the instant case it will be found that a recovery on the original declaration would undoubtedly bar a recovery on the amended one.

For the reasons above stated, the writ of *certiorari* heretofore issued by this court is quashed. The papers in each case are hereby sent back to the superior court.

*John R. Higgins, Louis M. Macktaz, Sidney Silverstein,* for plaintiff.

*John J. Mee,* City Solicitor of Woonsocket, for defendant.