HOWARD R. CHASE, JR. *vs.* UNITED STATES FIDELITY & GUARANTY COMPANY.

DONALD I. HARDING *vs.* SAME.

MAY 3, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   Heard on plaintiff's motion in each case to dismiss the defendant's bill of exceptions therein.

In these two cases, which grow out of the same occurrence, the pleadings and the issues raised are identical and the two bills of exceptions are similar in form.  We shall, therefore, for convenience consider the two cases as one and make our references to the pleadings accordingly.

The defendant's bill of exceptions contains only two exceptions, the first to a decision of a justice of the superior court overruling its demurrer to the plaintiff's declaration; and the second to a decision of another justice of such court sustaining the plaintiff's demurrer to the defendant's special plea.  The plaintiff's contention is that the bill of exceptions is prematurely brought and that it should be dismissed.

The plaintiff's action to recover damages is brought under the provisions of general laws 1938, chapter 155, as amended, directly against the defendant as an alleged insurer, the plaintiff, an injured person, having secured an unsatisfied judgment against the alleged insured.  In substance the plaintiff's declaration sets out the recovery of such a judgment against one John McKenzie who, on November 9, 1941, was operating an automobile belonging to Thomas P. Carr with the latter's permission, and while so operating

such automobile negligently injured the plaintiff. The declaration further alleges that on said date there was in full force and effect a certain policy of insurance issued by the defendant to Thomas P. Carr; that by the terms thereof any person, using with his permission the automobile described in the policy, was insured against legal liability for personal injury resulting to others from the operation thereof; and that therefore the said McKenzie was covered by such policy.

To this declaration the defendant demurred on several grounds, relying chiefly on the ground that the action could not be maintained because it was set out in the declaration that the judgment was secured not against the insured alone but against an alleged agent of the insured, and that, therefore, the action did not come within the provisions of chap. 155, *supra*. A justice of the superior court overruled this demurrer, holding that, although not a named insured, from the allegations of the declaration McKenzie appeared to be one of a class covered by the policy, and thus within the terms of the above-mentioned statute.

The defendant then filed the general issue and a special plea which set out in substance that at the time when the alleged judgment was obtained by the plaintiff against McKenzie the latter was a minor; that no guardian *ad litem* was appointed by the court to protect his interest and conduct his defense; that plaintiff's counsel took no steps to have such a guardian appointed; and that the judgment was obtained by default and is voidable or void. To this plea the plaintiff demurred on several grounds and the demurrer was sustained by a justice of the superior court, apparently on the theory that the defendant should not be permitted to attack the judgment collaterally.

To this decision the defendant excepted and duly gave notice of its intention to prosecute the present bill of exceptions, in which it included its above-mentioned exception and also one to the earlier decision overruling its demurrer to the plaintiff's declaration. In disposing of the questions

before us we will assume, without deciding, that the above inclusion of the defendant's first exception in its present bill of exceptions is proper. Further, our opinion is necessarily limited to a decision upon the plaintiff's motion to dismiss the bill of exceptions on the ground that it is prematurely brought. We do not consider and we make no finding upon the merits of the exceptions themselves.

The procedure in relation to the proper time for prosecuting to this court for hearing exceptions to decisions and rulings prior to trial is governed by statute, now G. L. 1938, chap. 542, §12. This provision of the law has remained unchanged since first enacted in the court and practice act in 1905, and since that time it has been uniformly construed by this court. It is well settled that a bill of exceptions to a decision upon pleadings only is prematurely brought unless it is such a determination upon the merits of the cause that it will, in due time by operation of law, lead to a final judgment in such cause. The general object and policy of the statute and the reasons given by the court for so construing it are fully set out in *Troy* v. *Providence Journal Co.*, 43 R. I. 22. See also *Gratton* v. *Harwood*, 55 R. I. 94; *Davis* v. *O. D. Purington Co., Inc.*, 58 R. I. 482; *Gordon* v. *Providence Auto Co.*, 61 R. I. 49.

The defendant's first exception is to the overruling of its demurrer to the plaintiff's declaration. Plainly this was not a "final decision on the merits" as set out in the above-mentioned statute. In *Troy* v. *Providence Journal Co., supra,* at page 26, the court said: "A decision overruling a demurrer to a declaration or plea is not such a final decision."

The second exception is to the sustaining of the plaintiff's demurrer to the defendant's special plea. This decision, however, would not in due time by operation of law lead to a final judgment upon the merits of the instant case. After such decision there still remained the plaintiff's declaration and the defendant's plea of the general issue under which certain issues of fact were open for determination before such a final judgment could be entered. The defendant nowhere

abandoned or waived its right to litigate any questions properly raised by its plea of the general issue, and did not rest the final determination of its case solely on the legal effect of its special plea. See *Darman* v. *Zilch,* 63 R. I. 127.

In our opinion the following case is controlling on the point raised by this exception: In *Pawtucket Cabinet & Builders Finish Co.* v. *Peoples Excursion Line, Inc.,* 45 R. I. 426, the superior court, as here, sustained the plaintiff's demurrer to the defendant's special plea. To this decision the defendant filed an exception and attempted to prosecute a bill of exceptions, but the trial justice declined to allow it on the ground that it was prematurely brought. This court thereafter refused to permit the defendant to establish the truth of its exception, and at page 428 of the opinion stated: "The fact that a decision, to which exception is taken, is final in the trial court on the particular question at issue, is not determinative of the right to an immediate review by bill of exceptions. If there are other issues in the case still remaining for determination, all of such issues must first be decided before the right to a review by bill of exceptions matures—'final decision' in the statute means that final determination of the case which ends the entire case in that court, leaving nothing further to be done therein except the carrying into effect such determination by operation of the law."

The defendant has cited *McLaughlin* v. *Dunlop,* 68 R. I. 4, as supporting its position. That case is clearly distinguishable from the present one. In that case this court heard and decided an exception of the plaintiff to a decision of the superior court overruling her demurrer to the defendant's plea in abatement. However, this court, in passing upon the exception, noted that the case was unusual in that, by reason of the nature of the pleadings, the ruling of the superior court actually amounted to the sustaining of a substantial demurrer to the plaintiff's declaration, and in effect to the dismissal of the plaintiff's writ and declaration. The exception was, therefore, treated by this court on that basis.

We find that the defendant's bill of exceptions in each case is prematurely brought.

The plaintiff's motion to dismiss the defendant's bill of exceptions in each case is granted, and each case is remitted to the superior court for further proceedings.

*Raymond E. Jordan,* for plaintiffs.
*Francis V. Reynolds,* for defendant.