EMILY E. FRIGON *vs.* CHARLES L. WARNER.
EUGENE P. FRIGON *vs.* SAME.

MAY 29, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

364

FLYNN, C. J. These actions in trespass on the case for negligence were brought respectively by a wife and her husband for damages resulting from injuries to the wife alleged to have been caused by the negligence of defendant as operator of a private bus in which the wife was a paying passenger. The amended declaration in each case has two counts and each case relies basically on the same allegations. Since the husband's case depends on defendant's liability for injuries to the wife and as the procedure in each was the same, we shall consider the case of Emily E. Frigon as if it were the only one here but our conclusion will apply to both.

In the superior court defendant's substantial demurrer to the second amended declaration was overruled as to the first count and was sustained as to the second count thereof. From the latter ruling plaintiff immediately prosecuted a bill of exceptions to this court. Thereupon defendant filed

in each case a motion to dismiss on the ground that the bill of exceptions was prematurely here. This court denied such motions without prejudice, however, to their being renewed when the exceptions came on for hearing on the merits. *Frigon* v. *Warner,* 79 R. I. 423.

The defendant has renewed his motion to dismiss, which raises the first question to be considered. He contends in substance that the ruling sustaining his demurrer to the second amended count of the declaration was made before trial; that it is not a final decision which disposed of the case on the merits in the superior court; that there are issues under the first count to be decided; and that in accordance with general laws 1938, chapter 542, §12, the ruling is not reviewable on a bill of exceptions until after verdict or final decision on the merits, and then only so far as it affects the final outcome.

The plaintiff on the other hand argues that the second amended count is a separate, distinct and different cause of action; that if not reviewed before trial the decision will become a judgment and will be res adjudicata without plaintiff ever having the opportunity to have it reviewed; and that in any event the rule or statute limiting a review of a decision made before trial should not be applied to cases for negligence in which the declaration contains several counts.

Bills of exceptions are governed by G. L. 1938, chap. 542. In addition to section 5 of that chapter, which provides generally the conditions for filing a bill of exceptions *after* verdict or final decision, section 12, which is important here, reads as follows: "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was errone-ously affected thereby."

The history, purpose and effect of chapter 542 have been previously considered and need not be repeated. See *Troy* v.

*Providence Journal Co.*, 43 R. I. 22; *McMahon* v. *Edelstein*, 75 R. I. 402. It is sufficient to point out that the former practice of determining before trial the questions of law raised by substantial demurrers was definitely changed by enactment of the Court and Practice Act of 1905. Since that time, as we stated in *Davis* v. *O. D. Purington Co.*, 58 R. I. 482, 484, quoting from the *Troy* case: "Substantial demurrers are no longer certified to this court for determination before trial of the cause upon its merits. Such a demurrer is presented to the superior court for its ruling thereon and said ruling can not be brought by either party to this court for review until after verdict or final decision in the cause upon its merits, and not then unless the ruling erroneously affected said verdict or decision."

Moreover, final decision as contemplated in such statute has been held "to mean a determination upon the merits of a cause which will in due time by operation of law lead to a final judgment in the cause." *Troy* v. *Providence Journal Co., supra*. In other words such decision means a final determination on the merits of the entire case in the superior court so that nothing remains there but the carrying into effect by operation of law of the court's determination of the case. *Pawtucket Cabinet & Builders Finish Co.* v. *Peoples Excursion Line, Inc.*, 45 R. I. 426; *Chase* v. *United States Fidelity & Guaranty Co.*, 71 R. I. 81. Consistently from the beginning this court has held that the provisions of the statute governing bills of exceptions are jurisdictional and require a strict construction. *Frappier* v. *Frappier*, 64 R. I. 54; *Providence Fruit & Produce Bldg., Inc.* v. *Gamco, Inc.*, 76 R. I. 54, 57.

The first question in the instant case is whether the ruling of the superior court sustaining defendant's demurrer to one of two counts of the amended declaration is a final decision to which an exception can be prosecuted before trial. Clearly the decision related only to the sufficiency of one count in the declaration. The cause of action itself was still pending in the superior court on issues proffered

by the first count. Therefore in our opinion the ruling in question is not a final decision which by operation of law would determine in that court the entire cause of action on the merits.

The plaintiff, apparently to avoid this conclusion, argues that the second count is a separate, distinct and *different cause* of action; that the ruling thereon would mature into a judgment which in legal theory and effect would be res adjudicata of a cause of action which was different from the one alleged in the first count; and that therefore the ruling is final and should be reviewed before trial. A sufficient answer to this contention is that the same argument was made to this court in *Sanitary Oyster Carrier & Comm'n Co. v. Wm. M. Merwin & Sons Co.*, 34 R. I. 381. There multiple counts were filed in a declaration and a demurrer was sustained as to one but not as 'to *all* counts, and this court specifically rejected the argument that is here repeated by plaintiff.

Moreover a fundamental answer thereto is that plaintiff's argument is based on an erroneous assumption that multiple counts are for all purposes distinct and *different causes* of action. It is true that in legal theory and effect, for purposes of passing upon the sufficiency of a pleading as a matter of law, the second count may be considered *as if it were* a separate cause of action. But if it is proper in law it amounts only to a different statement of the mode of defendant's alleged negligence constituting the same cause of action. That principle has been applied in determining whether proposed counts constitute a different cause of action or are merely separate and distinct statements of another mode of negligence which gives rise to the same cause of action between the parties. See *Rose v. Standard Oil Co. of New York*, 56 R. I. 272; *Brickle v. Quinn*, 63 R. I. 120; *O'Brien v. M & P Theatres Corp.*, 72 R. I. 289.

The plaintiff further contends that the precedents cited by defendant to support his motion to dismiss for pre-

maturity, as well as other cases coming to her attention, do not include any instance where multiple counts in a declaration of trespass on the case for negligence were involved. For that reason she urges that such cases evidently have been excepted from the rule. In this connection it may be noted generally that in the case of *Troy* v. *Providence Journal Co., supra,* the court apparently had in mind that there might arise the question whether a ruling on a demurrer to a declaration of several counts would stand in a different category from such a ruling in a case where there was only one count. In that case, at page 26, the court stated: "A ruling sustaining a demurrer to *all* the counts of a declaration, if the plaintiff is not permitted to amend, is a final decision under the statute which we are not considering; *for such decision concludes the right of the plaintiff to proceed in the cause and leads to a final judgment in favor of the defendant."* (italics ours) The plain implication from that and other statements in the cited case is that a ruling which did not sustain a demurrer as to *all* the counts of a declaration would not be a final decision because plaintiff could proceed in the cause, and that under the statute a ruling as to one of several counts can be reviewed only *after* verdict or final decision on the merits of the case in the superior court.

A more specific answer to plaintiff's contention as to cases of negligence and multiple counts is found in *McDonald* v. *Providence Telephone Co.,* 27 R. I. 595. That case was decided under section 497 of the Court and Practice Act of 1905. The language of such section appears without change in later statutes and is now §12 of chap. 542, G. L. 1938. In that case the plaintiff filed an amended declaration of two counts in trespass on the case for negligence. The defendant's demurrer as to the second count of the amended declaration was sustained. The plaintiff then prosecuted a bill of exceptions to such decision, just as plaintiff has done in the instant case. But the court in the *McDonald* case held in substance and effect that the ruling was made

before trial; that other issues were proffered under the first count; and that under the statute the ruling was reviewable only by bill of exceptions brought *after* the verdict or final decision on the merits, and then only in so far as such ruling may have erroneously affected the verdict or final decision.

Since the statute governing bills of exceptions is jurisdictional and the ruling in question is not a final decision according to the pertinent decisions of this court, we are of the opinion that we should adhere to the long-established practice and decline to make any further exception in this case as urged by plaintiff. The latter's fear that a judgment may be entered and become res adjudicata in the case is groundless, because the cause of action is still pending for trial in the superior court on the first count of the amended declaration. If plaintiff succeeds in having a verdict or final decision on the merits of the cause rendered in her favor, there will be no reason for her to file a bill of exceptions to have this court review the ruling in question. On the other hand if a final verdict or decision on the merits of the first count should be rendered against her, section 12 of the statute would preserve her right to thereafter include in her bill of exceptions the ruling sustaining defendant's demurrer to the second count. In such an event, the plaintiff's position would not be like that of the defendant in *Letendre* v. *Automobile Ins. Co. of Hartford,* 43 R. I. 410, where a similar ruling was not passed upon because under section 12 the decision for obvious reasons was not affected thereby.

In each case the defendant's motion to dismiss the plaintiff's bill of exceptions on the ground that it is premature is granted without prejudice, and each case is remitted to the superior court for further proceedings.

*Fred Israel,* for plaintiffs.

*Higgins & McCabe, Eugene V. Higgins,* for defendant.