232 A.2d 127.

ALFRED P. VENDITTO, JR. *vs.* JOHNSTON LEASING CO., INC.
EDMUND J. PROCACCIANTI *vs.* JOHNSTON LEASING CO., INC.

JULY 17, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. These two actions of trespass on the case for negligence were heard on the defendant's demurrers on December 11, 1964 by a justice of the superior court. Said demurrers, were "* * * sustained in part & overruled in part," and the plaintiffs were given four weeks in which to amend. From this decision the plaintiffs prosecuted a bill of exceptions to this court in each case.

These exceptions must be overruled. The decision of the trial justice as it appears on the jackets of the cases notes that the actions were "Heard on dfdts dem to 5th amended declaration and same is sustained in part & overruled in part. 4 wks." In *Frigon* v. *Warner*, 80 R. I. 363, 97 A.2d 276, the court was presented with the same question, that is, whether the decision of the court below was a final decision from which an exception could be prosecuted in this court before trial on the remaining counts in the superior court. There we said: "The cause of action itself was still pending in the superior court on issues proffered by the first count. Therefore in our opinion the ruling in question is not a final decision which by operation of law would determine in that court the entire cause of action on the merits." We think this is conclusive of the issue raised in the instant case.

We are aware that the trial justice did not specify the counts of the declaration that were held not demurrable, but from the briefs we are persuaded that at least count one was held not demurrable. In these circumstances it is our

opinion that the decision was not a final decision from which an exception could be prosecuted prior to trial.

The exception of the plaintiff in each case is overruled, and the cases are returned to the superior court for further proceedings in accordance with this opinion.

*Brosco & Brosco, A. J. Brosco,* for plaintiff.

*Gunning & LaFazia, John McDonough, Edward L. Gnys, Jr.,* for defendant.