**Edythe L. DONATELLI**

v.

**FLEET NATIONAL BANK et al.**

**No. 96–146–A.**

Supreme Court of Rhode Island.

March 27, 1997.

David McOsker, Providence.

William M. Dolan, III, Providence.

## ORDER

This matter came before a panel of the Supreme Court on March 18, 1997, pursuant to an order directing all parties to show cause why this appeal should not be summarily decided. The defendant, Fleet National Bank (Fleet), has appealed from a judgment of the Superior Court that declared the plaintiff, Edythe L. Donatelli, to be the owner of one-half of the net proceeds of two joint bank accounts deposited with another defendant, Citizens Bank (Citizens).

After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, this Court is of the opinion that cause has not been shown, and the appeal will be decided at this time.

This case arose when Fleet obtained a judgment of $539,399.03 against plaintiff's

**340** ■ ▬▬▬▬

husband, A. Edmund Donatelli, Sr., in September 1993. Fleet obtained an execution and two writs of attachments and served them upon Citizens, where plaintiff and her husband had joint bank accounts. Citizens filed an accounting with the Superior Court indicating that it maintained two joint accounts with funds of $60,416.65 and $262.75. Thereafter, plaintiff filed this action seeking injunctive relief and a declaration that the funds in those accounts were solely and exclusively hers. After a hearing, the trial justice found that the funds on deposit in the joint accounts were owned equally by Edythe Donatelli and Edmond Donatelli, Sr. Therefore, he concluded that 50 percent of the funds on deposit in the joint accounts was reachable with the writs of attachment to pay plaintiff's husband's debt.

The defendant contended that the trial justice erred by allowing the introduction of extrinsic evidence of ownership of the accounts at variance with the written deposit contract, which permitted either plaintiff or her husband to withdraw the full amount of the accounts. In reviewing the trial justice's decision, we note that the general rule that joint bank accounts may be seized by creditors of one of the depositors is limited by the caveat that the creditor may reach only those funds in the account which the debtor depositor equitably owns. *Joint Bank Account as Subject to Attachment, Garnishment, or Execution by Creditor of One of the Joint Depositors,* 11 ALR3d 1465, 1473 (1967). In allowing the plaintiff to introduce extrinsic evidence of ownership, the trial justice relied on *Catlow v. Whipple,* 83 A. 753 (R.I.1912). In *Catlow,* this Court affirmed a trial justice's decision allowing a creditor to reach only that portion of a joint bank account belonging to the debtor husband and not that portion belonging to the wife. *Id.* In light of our holding in *Catlow,* it is our conclusion that the trial justice was not clearly wrong in relying upon extrinsic evidence to rule that one-half of the funds in the two joint accounts belonged to the plaintiff. The case on which Fleet chiefly relies, *Paradis v. Greater Providence Deposit Corp.,* 651 A.2d 738 (R.I.1994), is plainly distinguishable. *Paradis* involved the interpretation of a depository contract to which both

the depositors and the defendant bank were parties. In the instant case, Fleet was not a party to the contract between the plaintiff and Citizens and cannot avail itself of any contractual right that Citizens might have to satisfy a debt of the joint account holders.

Consequently, we deny and dismiss the appeal and return the papers in this case to the Superior Court.

BOURCIER, J., did not participate.