JULIA B. SHIPMAN *vs.* UNITED ELECTRIC RAILWAYS CO.

MAY 22, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence which arose out of an accident to the plaintiff in alighting from defendant's street car while it was stopped on Thayer street in the city of Providence for the purpose of receiving and discharging passengers. After a jury trial in the superior court that resulted in a verdict for the plaintiff, defendant moved for a new trial, which was granted by the trial justice. The plaintiff did not except to this ruling. The defendant, however, has brought the case here on two exceptions which it took to rulings of the trial justice during the course of the trial. One exception was to the admission of a rule of the company for the guidance of its operators and the other was to the denial of its motion for a directed verdict. We shall consider the latter exception first.

Bearing in mind that, on consideration of a motion for a directed verdict, all of the evidence must be viewed in a

light most favorable to the party adverse to the motion and without regard to the credibility of the witnesses, the following facts appear from the evidence. The plaintiff boarded defendant's car without assistance at Wayland Square in Providence and rode as far as Thayer street. When the car stopped on that street and the doors had been opened to permit prospective passengers to enter and other passengers to leave, plaintiff rose from her seat, walked to the door and attempted to alight from the car, without requesting any assistance from the operator, who was about two feet from her and facing the door.

In attempting to alight she first grasped, with her right hand, a short horizontal bar, which was at the right of the door, and stepped down on a step outside the door. After getting both feet on this step and with her right hand grasping the horizontal bar, she put her right foot down on the street and then noticed that her left foot was caught somehow on the back of the step. She tried to loosen it but could not do so. She then turned to the operator and said: "Help me, help me. I am caught". He did not respond to her call and she then turned back and tried again to loosen her left foot, when suddenly she "felt a wrench of some kind" on her side and the next thing she was on the ground.

At the time of the accident plaintiff was sixty-eight years of age, but she was a woman in excellent health, vigorous and active, and busily engaged in many pursuits. There was no evidence that she appeared weak, feeble or infirm in any way so as to attract the attention of the operator to her as one who might need assistance in getting on or off the car. On the contrary, plaintiff, herself, testified most positively and definitely that she was fully able in every way to get about by herself before the accident.

There was also evidence that the plaintiff immediately after the accident had said, in the hearing of the operator, who had left the car and had come over to her: "Why didn't he help me?" and that the operator said: "I am not sup-

posed to help everybody." The operator testified in denial that he had never made such a statement, but we must assume, in our consideration of defendant's motion for a directed verdict, that he did.

On all the evidence, what was the defendant's duty to the plaintiff? Was the operator required to offer to assist her as she was attempting to leave the car, even though she made no request for such assistance and there was nothing to indicate that she needed assistance in order to alight safely from the car? Generally, and in this state particularly, it is well settled that it is not the duty of the operator or conductor of a street car or other passenger-carrying vehicle to assist passengers in alighting therefrom unless the need for such assistance is obvious. *Di Nora* v. *Rhode Island Co.,* 43 R. I. 7; *Central of Ga. Ry. Co.* v. *Carlisle,* 2 Ala. App. 514; *Gardner* v. *Chicago & M. E. R. Co.,* 164 Wis. 541; *Tefft* v. *Boston El. Ry. Co.,* 285 Mass. 121. 10 Am. Jur. § 1376, p. 227.

There can be no question, however, that common carriers of passengers are charged with the highest degree of care in preventing injury to their passengers. *De Nicola* v. *United Electric Rys. Co.,* 55 R. I. 402; *Adams* v. *United Electric Rys. Co.,* 46 R. I. 312. But this duty, as was stated in the last cited case, is no higher than is "consistent with the orderly conduct of their business with respect to all matters under their control . . . ." This duty does not imply an individual superintendence on the part of the carrier's operator or conductor of the departure of each passenger from the car. Such supervision would be inconvenient and impracticable and not consistent with the orderly and efficient operation of a street railway.

On the defendant's motion for a directed verdict the only question before the trial justice, on this view of the law governing defendant's duty to its passengers, was whether or not there was evidence from which the jury might reasonably infer that the plaintiff's need of assistance became obvious to defendant's operator at a time when he could

have assisted her and prevented the accident. The question is a close one on the evidence as we view it, but we are not entirely certain that the jury could be said, as a matter of law, to be unable, according as it viewed all the evidence, to make such an inference. We think, therefore, that the trial justice did not err in denying defendant's motion for a directed verdict.

Over the objection of the defendant, the trial justice allowed the plaintiff to introduce in evidence the following portion of a rule of the company: "Elderly and feeble persons . . . must be given assistance in getting on and off cars." The defendant excepted to the admission of such evidence and has prosecuted its exception here. If this exception were sustained by us, the only benefit accruing to the defendant would be an order for a new trial. Since the trial justice has already granted a new trial there is no need to consider such an exception. *Haynes* v. *Greene,* 46 R. I. 32, 33.

Defendant's exceptions are accordingly overruled and the case is remitted to the superior court for further proceedings.

*Tillinghast, Collins & Tanner, Harold E. Staples, George C. Davis,* for plaintiff.

*Earl A. Sweeney,* for defendant.