JULIA B. SHIPMAN *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

DECEMBER 8, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This is an action of trespass on the case for negligence to recover for injuries allegedly suffered by the plaintiff in alighting from defendant's street car while it was stopped on Thayer street in the city of Providence for the purpose of receiving and discharging passengers. A jury in the superior court returned a verdict for the plaintiff. Defendant's motion for a new trial was heard and denied. The case is before us on the defendant's bill of exceptions to this and to numerous other rulings by the trial justice during the trial.

With the exception of testimony from one additional witness for the plaintiff on the issue of liability, the controlling facts in the instant case are substantially stated in our prior

opinion in this same case and therefore need not be repeated in detail here. See *Shipman* v. *United Electric Rys. Co.*, 68 R. I. 39. The plaintiff's claim in outline is that the operator of defendant's one-man car, so called, was negligent in not answering her call for assistance after her left foot was caught somehow on the step outside the front door of the car as she was placing her right foot on the ground, in consequence whereof she fell and was injured.

The declaration contains seven counts. Before the case was submitted to the jury, upon motions by the defendant or by agreement of the parties, the first, fifth, sixth and seventh counts were stricken from the declaration. Defendant's motions to strike out the second and third counts were denied and these rulings are the subject of its exceptions 71 and 72, which we will now consider.

In so far as material, the second count alleges that when the plaintiff, a passenger for hire, "undertook to descend" from the car, which was stopped to discharge and receive passengers, it was or should have been "apparent" to defendant's servant that she was "an elderly and infirm person", who would or might require assistance in order to alight with safety, and that she fell to the ground and was injured because of the neglect and failure of defendant's servant to assist her in the circumstances. The only difference between the second and the third counts is that in the third count the plaintiff alleges that it was or should have been apparent to defendant's servant that she was an elderly and infirm person, who would or might require assistance in order to alight with safety, when she boarded the car and "became" a passenger for hire.

Each count in a declaration is, in legal theory and effect, a separate and distinct suit, otherwise there would be no force in the practice of filing more than one count in a declaration. *Sanitary Oyster C. & C. Co.* v. *Merwin & Sons Co.*, 34 R. I. 381, 383. The parties being the same in each instance and the matters alleged growing out of the same transaction, a careful pleader will set forth his cause of action

in different counts, so that if he fails of *proof* upon one count he may succeed upon another. *Eastman* v. *Dunn,* 34 R. I. 416, 438.

Under our practice the declaration goes to the jury when the case is submitted to them for determination. A count which is not supported by proof is without legal force and apt to mislead the jury to draw ·inferences prejudicial to a defendant. If a defendant, at the close of all the evidence in the case, moves to strike out a count from the declaration which is not supported by competent evidence, it is the duty of the trial justice to strike out that count and, further, to instruct the jury to completely disregard the same. Whether the failure to do so constitutes prejudicial error depends upon the circumstances in each case. Prejudicial error may result if, upon a fair review of all the evidence, it reasonably appears that the jury would be influenced by considerations arising from the allegations of the count which were detrimental to the defendant, because such allegations were unsupported by any competent evidence.

There is no evidence in the instant case that the plaintiff, although an elderly woman, showed any visible signs, which were or should have been apparent to the operator of the car in the exercise of due care, that she was an infirm person who might need assistance in getting on or off the car. In fact she emphatically disclaimed the existence of any known or apparent infirmity prior to the accident and there is no evidence to the contrary. Neither is there any evidence that, in alighting from the car, she requested any assistance from the operator up to the time when she got into difficulty while stepping from the outside step of the car to the ground. In her argument to us the plaintiff concedes that the question of whether or not the operator was negligent in the circumstances of the instant case is to be determined by his conduct at that time, as there is no evidence of any negligence on his part before that time.

The reason which the trial justice gave in refusing to strike out the second and third counts from the declaration and

thus withdraw them from consideration by the jury was that it had been suggested in defense that plaintiff's fall "might have been and probably was due to the condition of her feet." In so speaking he probably had in mind the testimony of two medical experts for the defendant who testified that upon a physical examination of the plaintiff they discovered that she had flat feet and bunions. There is no testimony from them, however, that this condition affected her in any substantial manner, and, more important still, that such condition or any material inconvenience resulting therefrom was such as would be reasonably apparent upon ordinary observation.

In our opinion such testimony, standing alone, was not competent evidence to establish that the plaintiff here was an infirm person who obviously might need assistance in alighting from the car. While the operator of a car is bound to use the care which this court has repeatedly stated he must use for the safety of his passengers in order to be in the exercise of due care, he should not be held to discover at his peril the existence of anatomical defects in his passengers that are not fairly evidenced by reasonably obvious external conditions. In our judgment it was prejudicial error for the trial justice not to withdraw the second and third counts from consideration by the jury. Therefore defendant's exceptions 71 and 72 are sustained.

Defendant's exception 40 is to the admission in evidence of three rules of the defendant concerning the duty of the operator towards passengers. After all witnesses for the plaintiff had testified on the issue of liability, the plaintiff offered and the trial justice admitted in evidence the following rules: Rule 100. "Responsibility. The conductor or operator is held responsible: (a) for the safety, comfort, and convenience of passengers." Rule 102. "Attention of passengers. Conductors and operators must be courteous and attentive to passengers. (b) Elderly and feeble persons, women and children, must be given assistance getting on and off cars." Rule 150. "Responsibility. The motorman or

operator is·held responsible: . . . (c) for the safety of passengers boarding or alighting via front platform."

It is generally held that the rules of a common carrier in matters affecting the safety of passengers, which rules are made known to its servants, are, if pertinent, admissible as some evidence of what the carrier thought necessary or desirable for the protection of its passengers. *Canham* v. *Rhode Island Co.*, 35 R. I. 177. However, whether such a rule is admissible in any given instance is necessarily dependent upon whether the rule itself is relevant to the facts already in evidence. In other words, if it is reasonably applicable to the factual situation then before the jury, it is admissible, otherwise not. Ordinarily the determination of such applicability rests largely in the sound discretion of the trial justice and will be reversed by this court only if a clear abuse of such discretion is shown.

Rules 100 and 150, although expressed in broad language, did apply in a general way to the circumstances then in evidence. The situation is quite different as to rule 102. Here we find a clear abuse of discretion. This rule is obviously inapplicable to the uncontradicted evidence in the case, which shows that the plaintiff did not desire or ask any assistance nor was she in need thereof at any time before her foot in some way became caught on the outside step of the car. In admitting rule 102, which requires that the operator "must" give assistance to "elderly and feeble persons", an element was injected into the case that might reasonably lead the jury to considerations as to which there was no competent evidence and that was prejudicial to the defendant. Its admission was error and defendant's exception 40 is therefore sustained.

Defendant's exception 64 relates to the allowance of a certain question by the plaintiff to defendant's operator concerning rule 102. Since that rule was inadmissible in evidence for the reasons hereinbefore stated, it follows that any question respecting that rule was improper for the same reasons. This exception is also sustained.

460

Exception 80 is to the granting of plaintiff's fifteenth request to charge, which was as follows: "A common carrier of passengers by street car, being charged with the duty of exercising the highest degree of care in preventing injury to passengers, is required to provide as operator of the car a person who will be capable of hearing requests for aid and capable of recognizing situations calling for assistance and able and willing to render such assistance." This request to charge should have been denied for at least two main reasons. First, the rule therein incorporated as to the degree of care that an operator must exercise in order that he may be in the exercise of due care towards a passenger is incomplete and fails to state important limitations which are a necessary part of the rule. See *Shipman* v. *United Electric Rys. Co., supra,* and cases cited. Secondly, there is no count in the declaration alleging that the operator was incompetent in any way and no evidence that he was not *capable* of doing those things which are mentioned in the request. To discuss this exception further would be needless elaboration of a matter clearly prejudicial to the defendant. Defendant's exception 80 is sustained.

We see no reason for discussing any of the defendant's other exceptions.

Defendant's exceptions 40, 64, 71, 72 and 80 are sustained, and the case is remitted to the superior court for a new trial.

*Tillinghast, Collins & Tanner, George C. Davis,* for plaintiff.

*Earl A. Sweeney,* for defendant.