JOHN McMAHON *vs.* ISRAEL EDELSTEIN *d.b.a.*
KEYSTONE OIL & COAL CO.
NELLIE McMAHON *vs.* SAME.

JUNE 24, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   These two actions by a husband and wife respectively were brought in trespass on the case for negligence to recover damages based upon personal injuries sustained by Nellie McMahon, the wife.   Each case is before us on the defendant's bill of exceptions to the granting of plaintiff's motion to permit the deputy sheriff, hereinafter referred to as the officer, to amend his return of service on the original writ, and to the denial of defendant's plea in abatement based upon alleged lack of service on the defendant individually.

Each action was commenced by a writ of summons against the defendant "Israel Edelstein, alias John Doe, doing business as Keystone Oil & Coal Co.," returnable to the superior court on January 25, 1947.   The writs were duly entered in that court, and each had a return signed by the officer to the effect that he had made service thereof by leaving a true and attested copy in the hands and possession of a clerk employed by the defendant.

The defendant, appearing specially without submitting to the jurisdiction of the superior court, filed in each case a plea in abatement on the ground that it appeared "by the writ and declaration" that defendant was an individual but that the service as shown by the officer's return was made in accordance with the statute prescribing the manner of serving process only on corporations, and therefore was not a proper service upon him individually.   At a hearing on January 26, 1948 no testimony was taken but after argument on the law the cases were reserved for decision.

Subsequently, but before any decision was rendered, the plaintiff filed a motion in each case to permit the officer to amend his return on the original writ so as to show legal service upon the defendant individually. At a hearing thereon the officer was permitted to testify, over the defendant's objection, that the return of service on the original writ in each case was erroneous and that he had not made service of these writs upon the defendant as shown by his return on the original writ but had served defendant individually at his home in accordance with the statute. He testified that he had made several trips to defendant's office in an attempt to serve him personally; that somebody there told him where defendant lived; and that he finally made service of the writs in question at the defendant's last and usual place of abode at 11 Brewster street in the city of Providence within his precinct by leaving true and attested copies thereof with a person who came to the door, and who was presumed to be the defendant's wife. The defendant offered no testimony.

The trial justice thereupon noted that the testimony of the officer was uncontradicted; that he believed his testimony concerning the actual service; and he therefore concluded that the original writs had been served at the last and usual place of defendant's abode in accordance with the statute. However, he reserved decision in each case in order to consider and determine the further question whether the court had the right to permit the officer in these circumstances to amend his original return so as to conform to the facts of service as he had found them. Thereafter the justice filed a rescript granting the plaintiffs' motions for leave to amend under general laws 1938, chapter 519, §§1, 2, and stated: "When such amendments are made by the officer, the plea in abatement in each case is denied. The defendant may have ten days after such amendments are made within which to plead over."

The defendant did not plead over but within the time specified by statute filed in each case both his notice of in-

tention to prosecute a bill of exceptions to the decision and also his bill containing three exceptions, namely, (1) to the ruling permitting the officer to testify in contradiction of his return of service on the original writ; (2) to the decision granting the plaintiff's motion to amend the return of service; and (3) to the decision denying the defendant's plea in abatement. When these bills were presented for allowance to the trial justice who had heard the motions and pleas he thereupon noted: "I certify that the foregoing exceptions were duly taken, but this Bill of Exceptions is disallowed as being premature."

Under G. L. 1938, chap. 542, §9, the papers in each case were then certified to this court where the defendant filed a motion to establish the truth of the bill of exceptions in each case. The plaintiffs thereupon filed motions to dismiss these bills on the ground that they were prematurely brought, because the rulings and decisions in question were made before trial and were not final decisions that are reviewable at this time under G. L. 1938, chap. 542, §12.

At a hearing on these motions in this court it appeared to us that the exceptions had been duly noted and established in the transcript, but that the question whether the bills were prematurely brought possibly might be involved materially with the validity of the exceptions. We therefore denied the motions to dismiss without prejudice to the right of the plaintiffs to renew them when the exceptions were being heard by us on the merits.

The plaintiffs have renewed their former motions to dismiss the bills of exceptions on the ground that they were prematurely brought. They first argue that the decisions in question were made before trial upon matters of pleading; that they do not conclude the defendant on the merits of the case in the superior court; and that therefore they are not final decisions which are reviewable at this time within contemplation of the statute as construed by the decided cases thereunder, citing, among others, *Troy* v. *Providence Journal Co.*, 43 R. I. 22; *Pawtucket Cabinet &*

*Builders Finish Co.* v. *Peoples Excursion Line, Inc.,* 45 R. I. 426, 428; *Chase* v. *United States Fidelity & Guaranty Co.,* 71 R. I. 81. Secondly, they contend that if the bills are properly here the decisions in question should be sustained because, under G. L. 1938, chap. 519, §§1, 2, the court had the power to permit the officer to testify and to amend his return of service in each case to conform to the facts.

The defendant apparently relies upon the contention that the plea in abatement in each case raises a jurisdictional question of the court's authority over the person of the defendant and therefore ought to be reviewable before trial to avoid expense and possibly the waiver of his right ultimately to challenge the court's jurisdiction. If that be granted he then contends that the officer's original return was conclusive as a matter of law and could not be contradicted; and that the trial justice should not have permitted the officer to nullify his signed return of service on the original writ by substituting a wholly different kind of return which was not on the writ before the superior court when the hearing on such pleas was held.

The answer to the first question, whether these decisions are reviewable under our statute before trial by bills of exceptions, is to be found by determining whether the rulings or decisions in question are final decisions within the contemplation of our statute. In this state a review of questions of law by a bill of exceptions is statutory and is governed by G. L. 1938, chap. 542. The instant case involves particularly §12, which reads as follows: "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was erroneously affected thereby."

This court has defined and determined in many cases what constitutes a final decision under that section. The history of the statute, which was enacted as a part of the Court and Practice Act in 1905, was reviewed extensively in the case of *Troy* v. *Providence Journal Co., supra.* There the

court pointed out that prior to the enactment of this statute it had been the practice of the appellate court generally to review certain questions of law before trial; that after careful study and recommendation by a learned and experienced commission, which had fully considered and weighed the advantages and disadvantages of the former practice, the existing statute was enacted intentionally to change that practice; and that the policy or purpose thereof was to prevent the piecemeal review of many legal questions that could be involved in a case before it was determined on the merits. The court frankly recognized that a review before trial might have had advantages in some cases, but nevertheless felt that as a matter of long-range policy and practice these were outweighed by the disadvantages and delays consequent upon a piecemeal review of interlocutory rulings. It therefore held that under the statute a bill of exceptions is properly here only after a verdict or final decision has been rendered in the case, and it expressly stated that a final decision under the statute means "a determination upon the merits of a cause which will in due time by operation of law lead to a final judgment in the cause."

The same question was again presented in *Pawtucket Cabinet & Builders Finish Co.* v. *Peoples Excursion Line, Inc., supra,* where this court further pointed out: "The fact that a decision, to which exception is taken, is final in the trial court on the particular question at issue, is not determinative of the right to an immediate review by bill of exceptions." In that case it was also held that " 'final decision' in the statute means that final determination of the case which *ends the entire case in that court,* leaving nothing further to be done therein except the carrying into effect such determination by operation of the law." (italics ours) The policy and interpretation of "final decision" under the statute as stated in *Troy* v. *Providence Journal Co., supra,* and *Pawtucket Cabinet & Builders Finish Co.* v. *Peoples Excursion Line, Inc., supra,* have been consistently followed by this court. *Davis* v. *Purington Co.,* 58 R. I. 482;

*Gordon* v. *Providence Auto Co.,* 61 R. I. 49; *Chase* v. *United States Fidelity & Guaranty Co., supra.* Indeed, we have found no case to the contrary since the statute was enacted.

The defendant has not asserted in the superior court or before us that he rested either case on the trial justice's decision as a final conclusion thereof on the merits in order to bring his bill of exceptions within the statute. Nor has he cited any case in this jurisdiction to establish that the decisions in the circumstances here are essentially or in effect final decisions that are reviewable by a bill of exceptions before trial under the statute as construed by many cases presented by the plaintiffs. See *Davis* v. *Purington Co., supra; McLaughlin* v. *Dunlop,* 68 R. I. 4. But he apparently contends that a different practice should be adopted whenever the trial court, as here, overrules a plea in abatement based upon alleged lack of proper service upon the individual defendant. Similar contentions, however, have been made and rejected by this court in previous cases.

In *American Electrical Works* v. *Devaney,* 32 R. I. 292, the defendant in a law action entered its special appearance for the sole purpose of objecting to the jurisdiction of the court and filed a motion to dismiss for want of jurisdiction arising from a lack of legal service of the writ. After a hearing the motion was denied, the defendant had its exception noted and then took no further proceedings in the action at law. When the case was about to be defaulted the defendant in the law action brought a bill in equity to enjoin further proceedings in such action on the ground that the court lacked jurisdiction over the defendant therein. The respondent, being plaintiff in the law action, demurred to the bill in equity on the ground that complainant, being defendant in the law action, had an adequate remedy at law. The trial court sustained the demurrer and on complainant's appeal this court affirmed that ruling.

In this court the respondent argued: "On decision being

rendered in favor of John Devaney, exception was duly taken and noted for this complainant, so that by pursuing the ordinary course in the case at law, a decision could be had by this court upon the aforesaid exception. The complainant's counsel may object that in order to bring his exceptions before this court, he must under our practice, proceed to a trial upon the merits and by so doing would submit to the jurisdiction of the court. The respondent respectfully submits that such is not the case. A party filing a special plea or motion does not submit to the jurisdiction of the court and thereby waive his special plea, when his special plea being overruled, he excepts and proceeds to a trial upon the merits. After verdict, he can again in the higher court, insist upon his plea to the jurisdiction." This court thereupon expressly held that the respondent's above-quoted contention was a correct view of the law. In support of its conclusion the court expressly cited with approval *Harkness* v. *Hyde,* 98 U. S. 476, wherein the latter court held that a defendant "is not considered as abandoning his objection because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

Later, in *Chew* v. *Superior Court,* 43 R. I. 194, this court apparently was confronted with a similar attempt to change the construction of the statute and the policy as it related to immediate review of rulings before trial involving a similar jurisdictional question. Apparently counsel recognized that a bill of exceptions would not lie immediately under the statute and accordingly filed a petition for certiorari to review the action of the superior court in denying defendant's motion to dismiss a law action for want of jurisdiction based upon an alleged lack of proper service upon him as an individual. In that case the court in denying the petition did not confine itself to holding merely that certiorari would not be granted where there is another

adequate remedy. But it went further and pointed out that the denial of a petition for certiorari or prohibition in the circumstances was in accordance with the general practice under appellate procedure, citing with approval a construction of the statute as found in *Troy* v. *Providence Journal Co., supra;* and at page 197 it expressly held: "The petitioner has taken an exception to the ruling of the justice and should a verdict be rendered against him he can then bring said exception to this court by a bill of exceptions." Therefore the court made clear that the adequate remedy at law which it thus intended as the ground of the decision in that case was the ordinary review by bill of exceptions *after* the case was finally concluded in the superior court.

More recently, in *Colaluca* v. *Firstenberg Bottlers' Supplies, Inc.,* 65 R. I. 39, the defendant in a law action filed a plea in abatement alleging that it had not been legally served with process so as to bring it within the jurisdiction of the superior court. The defendant's plea was heard and denied, and an exception to the ruling was prosecuted immediately to this court where the plaintiff filed a motion to dismiss the bill of exceptions on the ground that it was premature. We thereupon granted such motion and remitted the case to the superior court for further proceedings. Subsequently the case came here on plaintiff's bill of exceptions after a verdict on the merits had concluded the case in the superior court, and it was then argued that the defendant, after filing a plea of the general issue and proceeding to full trial on the merits, could not raise the question of jurisdiction under his exception to the denial of the plea in abatement. This court cited *American Electrical Works* v. *Devaney, supra,* as authority for the proposition that under our practice it was possible for a defendant, after an adverse ruling on his plea in abatement, to proceed to trial on the merits without thereby waiving his right to raise the question of jurisdiction in this court upon a bill of exceptions properly taken and prosecuted after the final

decision in the superior court. In that case, however, the defendant had not prosecuted such a bill in his own behalf and therefore could not be heard on this contention, as otherwise would have been possible.

Had this court intended to make a change in the definition of "final decision" or an exception to the established policy and practice so as to entertain a defendant's bill of exceptions before verdict or final decision, whenever by a special appearance and a plea in abatement the jurisdiction of the court over the defendant had been raised and adversely decided before trial, it certainly would have used different language in all the above-cited cases. In our opinion if a review of such question before trial were permissible by a bill of exceptions under the statute that procedure would have been pointed out by the court as the adequate remedy it referred to; and it would have been misleading and unreasonable to have asserted that such remedy, which was the ground on which the court's decision was premised, was the remedy provided by statute after verdict or final decision. Moreover to reach any other conclusion would require a substantial and undesirable change in the meaning of "final decision" in the statute as well as in the practice consistently followed by the court since 1905.

In connection with defendant's contention that his right to question the jurisdiction might be waived if he proceeded to trial upon the merits, we agree with the statement of the law in *Ames* v. *Winsor,* 19 Pick. 247. There the defendant appeared specially to question the jurisdiction of the court and later joined in a plea in bar. It was urged that by so doing he had waived his first objection. But in handling this question Chief Justice Shaw stated: "Had the defendant, without motion to stay proceedings, pleaded any plea to the merits, we think it would have been a voluntary appearance and submission to the jurisdiction of the court, and a waiver of all exceptions to the regularity and sufficiency of the service. But it must be considered, that by law, the defendant could not appeal from the decision of

the Court of Common Pleas, in overruling his motion, which was a mere interlocutory proceeding, and he was compelled to plead to the merits, as the only means of obtaining a final judgment, from which he could appeal. But when the cause comes here by appeal, this Court is bound to revise the proceedings of the Court of Common Pleas, and if found erroneous in point of law, to do what that court should have done."

Similarly in *Gardner* v. *James,* 5 R. I. 235, which was decided even before 1905, the real distinction in this respect was pointed out. There the court, at page 241, said: "If he plead to the merits without first insisting upon the objection, he is deemed to have waived it, and cannot afterwards plead that matter in abatement; and, at common law, pleading to the merits at all, before a judgment of *respondeat ouster,* would be a waiver of such plea in abatement. Under the practice universally prevailing in our courts, by which the defendant files all his pleas at the same time, whether in abatement or in bar, *but in the regular order of pleading, first insisting upon the matter in abatement,* it can hardly be held, that the filing of pleas in bar is a waiver of those in abatement." (italics ours)

From a consideration of these and other cases it is clear that a policy was fixed by the legislature in 1905 and has been adhered to consistently by this court, namely, that it should not review interlocutory questions of law in a case on a piecemeal basis, and that under the statute as construed consistently in the many cases cited *supra* a bill of exceptions is prematurely brought, even if it involves the denial of a plea in abatement or a motion to dismiss based upon alleged lack of legal service upon the defendant individually, unless the decision in question is final and concludes the case on its merits in the superior court. In our opinion the interpretation of the meaning of "final decision" in the statute as heretofore made and the policy and practice as followed are sound and desirable.

In the instant cases the decisions were upon interlocutory

matters of pleading before trial in a court having authority to decide in the first instance the issue of its own jurisdiction, and such ruling would not by mere operation of law and without any other action mature into judgments against the defendant. The defendant has not elected, as he might have done, to make the decision conclusive as to his rights in the superior court, thereby insuring an immediate review under the statute. By the nature and terms of each decision he is able to plead over and to have a trial on the merits of the case. By thus *involuntarily* proceeding to trial, at least so long as he seeks no affirmative relief that would constitute a waiver of his special appearance and plea, he will not waive his rights on this question. He may have a review of all rulings made before or during the trial, if properly excepted to, by a bill of exceptions to be brought after the case has been concluded by verdict or final decision in the superior court. See *Union Trust Co.* v. *National Coal Co.*, 65 R. I. 255, 259, and cases already cited. In view of this conclusion we need not consider at this time the merits of the rulings in question.

The plaintiff's motion in each case to dismiss the defendant's bill of exceptions as premature is granted, and each case is remitted to the superior court for further proceedings.

CONDON, J., dissenting. As I view it, the question here is a narrow one. Defendant appeared specially in the superior court solely for the purpose of objecting to that court's jurisdiction over his person because of the alleged invalid service of the plaintiffs' writs. He excepted to the overruling of his pleas in abatement setting up that objection and now seeks here a review of the superior court's rulings. Plaintiffs moved in this court to dismiss defendant's bills of exceptions and contended that they were premature.

The precise question raised by each motion may be stated as follows: Is a defendant in such circumstances required either to stand on an adverse ruling on his plea and allow

the case to go against him by default or to plead over and await an adverse verdict or decision on the merits before being permitted to obtain in this court by bill of exceptions a review of the superior court's ruling on the plea? The majority have answered that question in the affirmative. I think it should be answered in the negative. I am further of the opinion that the question involves more than a mere matter of policy in the choice of one method of appellate procedure over another. As I see it there is a question of justice involved. Were this not so I would refrain from expressing this dissent.

Whether a defendant in such circumstances may plead over and contest the case on the merits without waiving his special appearance or his right to prosecute after verdict his exception to the adverse ruling on his plea is an entirely different question and it is not involved here. In this state that question has been answered in the affirmative. *American Electrical Works* v. *Devaney*, 32 R. I. 292. The real fundamental question in the instant cases, however, is not whether defendant *may* so act but whether he *must* before such ruling will be reviewed here. As far as I am aware that precise question has not heretofore been squarely presented to this court and fully considered and decided. The opinion in *Colaluca* v. *Firstenberg Bottlers' Supplies, Inc.*, 65 R. I. 39, does not pass upon this question. It merely refers to the fact that we had previously dismissed the defendant's bill of exceptions on the plaintiff's motion that it was premature. The record of that case does not show that an opinion was filed at that time. Apparently the ruling on the motion was made from the bench without opinion. Manifestly we did not then avail ourselves of the opportunity for the more mature consideration which we have given to the same question in the case at bar. At the hearing on plaintiffs' motions to dismiss the instant bills of exceptions we denied them without prejudice so that they might be more fully considered at the hearing on the merits.

In *Chew* v. *Superior Court,* 43 R. I. 194, the question was adverted to but not decided. The real decision in that case was that certiorari did not lie because the petitioner had an adequate remedy by bill of exceptions. In the superior court petitioner had appeared specially and moved to dismiss the plaintiff's action on the ground of lack of jurisdiction. That motion was denied and petitioner excepted to such denial. This court said that the petitioner could have such ruling reviewed on a bill of exceptions. The writer of the opinion indulged in a further discussion but it was not necessary to the decision on the facts before the court. In this regard it is significant that the syllabus contains but the one point mentioned above that certiorari did not lie because the petitioner had another adequate remedy.

In my opinion neither the *Colaluca* case nor the *Chew* case is decisive of the precise question here, although I concede that there is language in the opinion in the latter case which gives aid and comfort to the plaintiffs in the instant cases. However, the case itself is, I think, far from being a precedent in the true sense. For this reason we are, in my opinion, free from the trammels of precedent and more or less at large to decide this case according to what we consider will be more consonant, in the circumstances, with justice.

The time for review in this court by bill of exceptions of alleged errors committed by the superior court has been marked out with considerable definiteness in *Troy* v. *Providence Journal Co.,* 43 R. I. 22. In almost every conceivable situation which may arise in the trial of an action at law in that court it would seem that such decision requires a party aggrieved by any alleged error to await a final determination of the case there before coming here for relief on exceptions, to the end that appellate review piecemeal may be avoided as much as possible. With that view I am in accord. However, I am of the opinion that in the unusual and extraordinary case where defendant appears specially

solely for the purpose of objecting to the superior court's exercise of jurisdiction over him he ought to be entitled to have the validity of such objection finally determined before being required either to default or plead over to the merits.

The main reason for my view is that, unlike an aggrieved party in any other situation, if his objection should ultimately be sustained by this court after he had been put to the cost of a trial on the merits, he would not be entitled to a judgment for costs because the law is well settled that where a court has no jurisdiction it has no authority to enter any judgment for costs. *Dunn* v. *Ball,* 2 R. I. 450; *Turks Head Tailoring Co.* v. *Anthony,* 38 R. I. 7; *David* v. *David,* 47 R. I. 304.

Aside from that there is a still further reason. The way of a defendant, who excepts to the overruling of his plea to the jurisdiction and then pleads over to the merits, is beset with hidden dangers to the maintenance of his special appearance and the continued validity of his exception. Since pleading over in such circumstances was formerly tantamount to a general appearance, and still is in several jurisdictions, it is required with some strictness that the defendant thereafter shall not seek affirmative relief from the court under penalty of waiving his special appearance. *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* 104 Conn. 206. And there is authority that in order to avoid a waiver of such appearance the defendant must persist in his objection to the court's jurisdiction throughout the proceedings to final determination. 6 C. J. S. 62, §21. What is or is not affirmative relief in such a case is not always easy to determine. For example, in *Chew* v. *Superior Court, supra,* it was urged, although not passed upon, that petitioner as defendant below waived his special appearance merely by stipulating with plaintiff for an extension of time for pleading.

In my opinion it is not entirely fair to a defendant to subject him to such danger of waiver by forbidding him

to come here unless he defaults or until a final determination of the case in the superior court. Nor is it equal justice to force him to the cost of a trial and then if his objection to the superior court's jurisdiction is later sustained by this court to send him out of court, as we must, without even his costs. I do not quarrel with the rule which accords him the right to plead over on the merits, if he so desires, without waiving his special appearance and his exception, but I am firmly of the opinion that neither justice nor policy requires that he be compelled to do so before seeking a review in this court of his exception. He ought to be permitted to elect whether to seek review immediately or wait until a final determination of the case on the merits.

For the above reasons, I am constrained to dissent.

*William E. Boyle,* for plaintiffs.

*Francis V. Reynolds,* for defendant.